UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**In re:** Darlene Denise Davis,     **Case No.** 19-36077-KLP
    Debtor          Chapter 13

## MEMORANDUM ORDER

Debtor Darlene Davis (the "Debtor") filed this chapter 13 case on November 19, 2019. This case is the Debtor's fourth bankruptcy case since 2010. Case No. 10-38727-KLP was filed on December 23, 2010; the Debtor received a chapter 13 discharge on September 16, 2016. Case No. 17-35566-KLP, a chapter 13 case, was filed on November 7, 2017, and was dismissed on August 30, 2018, for failure to make plan payments. Case No. 19-30056-KRH was filed on January 4, 2019, and was dismissed on March 22, 2019, upon the Debtor's motion to withdraw her case. The Court granted the motion to withdraw but imposed a six-month bar on any future bankruptcy filing.

The Debtor filed a motion to continue the automatic stay of § 362(c)(3)(B) of the Bankruptcy Code, 11 U.S.C. § 362(c)(3)(B) (the "Motion"), on November 27, 2019. A hearing on the Motion was scheduled for December 18, 2019. At the hearing, the Court ruled that the hearing on the Motion would be continued to January 15, 2020, to enable the Debtor to give notice to all creditors of the hearing on the Motion.

On January 13, 2020, creditor Fortune Investment Enterprises ("Fortune Investment"), through counsel, filed an objection (the "Objection") to the Motion. At the continued hearing on January 15, the Debtor and

1

Fortune Investments presented argument. After considering the argument of the parties and the evidence presented, the Court ruled that the Motion would be denied. The Debtor thereafter, on the same day, filed a motion to reconsider the Court's oral ruling (the "Motion to Reconsider"), notwithstanding that the order documenting the ruling had not yet been entered. She also, at the same time, filed a notice of appeal of the as not yet entered order.

Because the Motion to Reconsider was filed prior to the lodging of the appeal, this Court retains jurisdiction to rule upon it. The Motion to Reconsider was timely filed, pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 9023. A hearing on the Motion to Reconsider was held on February 4, 2020. The Debtor and Fortune Investment, through counsel, appeared at the hearing.

The federal procedures applicable to motions for amendment of court orders, often referred to as motions for reconsideration, are found in Federal Rule of Bankruptcy Procedure 9023, Fed. R. Bankr. P. 9023, which incorporates Federal Rule of Civil Procedure 59, Fed. R. Civ. P. 59. "While the Rule itself provides no standard for when a . . . court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v.*

*Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). The District Court for the Eastern District of Virginia has also stated that "a Rule 59(e) motion 'may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Irving v. United States,* No. 3:04CR804-1-JRS, 2005 WL 8149015, at *3 (E.D. Va. June 13, 2005) (quoting *Pacific Ins. Co. v. Am. Nat'l. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998). In the Eastern District of Virginia, this test has recently been interpreted as follows:

> Reconsideration may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issue presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983). This Court has noted that this situation rarely arises, therefore the motion "should be equally rare." *Id.* Finally, a party should not use a 59(e) motion simply "to ask the Court to rethink what the Court had already thought through." *Id .; see also Zdanok v. Glidden Co.,* 327 F.2d 944, 953 (2d Cir.1964) ("[W]here litigants have once battled for the Court's decision, they should neither be required, nor without good reason permitted, to battle for it again."); *Cureton v. Cianbro Corp.,* No. JFM–06–2303, 2007 WL 397025, at * 1 (D. Md. Jan 30, 2007) (finding that reconsideration is not permitted when parties are attempting to "raise arguments which could have been raised prior to the issuance of judgment," nor to "enable a party to complete presenting his case after the court has ruled against him." (quoting *In re Reese,* 91 F.3d 37, 39 (7th Cir.1996)).

*Puller v. Unisource Worldwide, Inc.*, No. 3:08-CV-813, 2009 WL 903303 (E.D. Va. Mar. 31, 2009).

In this case, there has been no change in either the law or the facts that were before the Court at the time the Motion to extend the stay was

3

denied. When questioned at the hearing, the Debtor could not offer any facts that had been unavailable to her at the time of the January 15, 2020, hearing, and the Court has been presented with no change in the law.

The only remaining ground upon which the Debtor could base her motion to vacate dismissal is "to prevent manifest injustice." The Eastern District of Virginia has found that "[r]econsideration is . . . appropriate when 'the prior decision was clearly erroneous and would work manifest injustice.'" *Hogge v. Stephens*, Civil Action No. 3:09CV582, 2011 WL 4352268, at *3 (E.D. Va. Sept. 16, 2011). However, the Court finds no clear prior error. The Debtor stated that it would be a manifest injustice if she were to be forced out of her home. However, in this case, the home has already been foreclosed upon, and any remedy that might be available to the Debtor lies in the state courts.

The Court notes that the Debtor also argued that she had not been given ample time to prepare to address the Objection of Fortune Investment. However, the Court's ruling was not dependent upon the Objection. The Court found that the Debtor had not carried her burden of proving that she was entitled to an extension of the automatic stay. As explained by Judge Huennekens of this Court:

> § 362(c)(3) effectively provides that where a debtor has been a debtor in a previous bankruptcy case that was dismissed within one year of the filing of the new case, the automatic stay of § 362(a) terminates as to the Debtor on the 30th day following the new filing unless within that 30 days the debtor seeks an extension of the stay and the court grants the extension within

4

> the 30–day period. In order to obtain an extension of the stay, the debtor must prove that the filing of the new case was in good faith as to the creditors that would be affected by the stay. 11 U.S.C. § 362(c)(3)(B).
>
> The statute further provides a presumption that a case is not filed in good faith if any of several circumstances occurred . . . As the Debtor's Immediately Prior Case was pending within the year preceding the Petition Date . . . § 362(c)(3)(C) of the Bankruptcy Code raises a presumption that his new case was filed not in good faith. The presumption may be rebutted by clear and convincing evidence. 11 U.S.C. § 362(c)(3)(C).

*In re Chaney*, 362 B.R. 690, 693 (Bankr. E.D.Va. 2007). Thus, the Debtor's argument is unavailing, as she has failed to rebut the presumption that her case was not filed in good faith.

Therefore, for the reasons set forth herein and for the reasons announced in open court,[1]

IT IS ORDERED that the Motion to Reconsider is DENIED.

Signed: February 5, 2020

/s/ Keith L. Phillips
UNITED STATES BANKRUPTCY JUDGE

ENTERED OND DOCKET: February 5 2020

Copies:

Darlene Denise Davis
5910 Chadwick Court
Fredericksburg, VA 22407

Suzanne E. Wade
7202 Glen Forest Drive, Ste. 202
Richmond, VA 23226

Khalid Mahmood

---

[1] For the same reasons, the Court also finds that to the extent the provisions of Bankruptcy Rule 9024, Fed. R. Bankr. P. 9024, may be applicable, the Motion to Reconsider will not be granted thereupon.

5

Law Office of Khalid Mahmood PC
14631 Lee Highway
Suite 112
Centreville, VA 20121