UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**In re:** Darlene Denise Davis,　　　　　　　　　　**Case No.** 19-36077-KLP
　　　　　Debtor　　　　　　　　　　　　　　　　　Chapter 13

## MEMORANDUM ORDER

Debtor Darlene Davis (the "Debtor") filed this chapter 13 case on November 19, 2019. This case is the Debtor's fourth bankruptcy case since 2010. Case No. 10-38727-KLP was filed on December 23, 2010; the Debtor received a chapter 13 discharge on September 16, 2016. Case No. 17-35566-KLP, a chapter 13 case, was filed on November 7, 2017, and was dismissed on August 30, 2018, for failure to make plan payments. Case No. 19-30056-KRH was filed on January 4, 2019, and was dismissed on March 22, 2019, upon the Debtor's motion to withdraw her case. The Court granted the motion to withdraw but imposed a six-month bar on any future bankruptcy filing.

Schedules in this case were due on December 4, 2019. The deadline was extended, upon the Debtor's request, to December 13, 2019. On December 13, the Debtor filed a request that the deadline be extended again (the "Motion"), stating, among other things, that when she was at the clerk's office to file the schedules, she needed her glasses to complete her incomplete documents and needed "a few more days." On January 8, 2020, nearly four weeks after the request for "a few more days" was filed, the Debtor filed partially completed Schedules A through H, with a notation that they were "to be amended." She also filed the required statement of financial affairs.

1

A hearing on the Motion was held on January 15, 2020, at which the court ruled that the Motion would be denied for reasons set forth in open court, and an order to that effect was entered on January 27, 2020. On that same day, the Debtor filed a motion to reconsider the Court's ruling (the "Motion to Reconsider"). The Motion to Reconsider was timely filed, pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 9023. A hearing on the Motion to Reconsider was held on February 4, 2020.

The federal procedures applicable to motions for amendment of court orders, often referred to as motions for reconsideration, are found in Federal Rule of Bankruptcy Procedure 9023, Fed. R. Bankr. P. 9023, which incorporates Federal Rule of Civil Procedure 59, Fed. R. Civ. P. 59. "While the Rule itself provides no standard for when a . . . court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). In the Eastern District of Virginia, this test has recently been interpreted as follows:

> Reconsideration may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issue presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983). This Court has noted that this situation rarely arises, therefore the motion "should be equally rare." *Id.* Finally, a party should not use a 59(e) motion simply "to ask the

> Court to rethink what the Court had already thought through." *Id .; see also Zdanok v. Glidden Co.,* 327 F.2d 944, 953 (2d Cir.1964) ("[W]here litigants have once battled for the Court's decision, they should neither be required, nor without good reason permitted, to battle for it again."); *Cureton v. Cianbro Corp.,* No. JFM–06–2303, 2007 WL 397025, at * 1 (D. Md. Jan 30, 2007) (finding that reconsideration is not permitted when parties are attempting to "raise arguments which could have been raised prior to the issuance of judgment," nor to "enable a party to complete presenting his case after the court has ruled against him." (quoting *In re Reese,* 91 F.3d 37, 39 (7th Cir.1996)).

*Puller v. Unisource Worldwide, Inc.*, No. 3:08-CV-813, 2009 WL 903303 (E.D. Va. Mar. 31, 2009).

In this case, there has been no change in either the law or the facts that were before the Court at the time the Motion to extend the stay was denied. When questioned at the hearing, the Debtor could not offer any facts that had been unavailable to her at the time of the January 15, 2020, hearing, and the Court has been presented with no change in the law.

The only remaining ground upon which the Debtor could base her motion to vacate dismissal is "to prevent manifest injustice." The Eastern District of Virginia has found that "[r]econsideration is . . . appropriate when 'the prior decision was clearly erroneous and would work manifest injustice.'" *Hogge v. Stephens*, Civil Action No. 3:09CV582, 2011 WL 4352268, at *3 (E.D. Va. Sept. 16, 2011). However, the Court finds no clear prior error. The Court also finds no manifest injustice in requiring the Debtor to adhere to the filing requirements of this Court. She has been given ample opportunities to comply, and she has failed to do so. The Court notes that this is not the

3

Debtor's first bankruptcy case, and she should be familiar with the procedural requirements from both the Court's instructions and her own prior experience.

Therefore, for the reasons set forth herein and for the reasons announced in open court,

IT IS ORDERED that the Motion to Reconsider is DENIED.

Signed: February 5, 2020

/s/ Keith L. Phillips
UNITED STATES BANKRUPTCY JUDGE

ENTERED ON DOCKET: February 5 2020

Copies:

Darlene Denise Davis
5910 Chadwick Court
Fredericksburg, VA 22407

Suzanne E. Wade
7202 Glen Forest Drive, Ste. 202
Richmond, VA 23226

Khalid Mahmood
Law Office of Khalid Mahmood PC
14631 Lee Highway
Suite 112
Centreville, VA 20121