UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**In re:** Darlene Denise Davis,    **Case No.** 19-36077-KLP
    Debtor    Chapter 13

## MEMORANDUM ORDER

Debtor Darlene Davis (the "Debtor") filed this chapter 13 case on November 19, 2019. This case is the Debtor's fourth bankruptcy case since 2010. Case No. 10-38727-KLP was filed on December 23, 2010; the Debtor received a chapter 13 discharge on September 16, 2016. Case No. 17-35566-KLP, a chapter 13 case, was filed on November 7, 2017, and was dismissed on August 30, 2018, for failure to make plan payments. Case No. 19-30056-KRH was filed on January 4, 2019, and was dismissed on March 22, 2019, upon the Debtor's motion to withdraw her case. The Court granted the motion to withdraw but imposed a six-month bar on any future bankruptcy filing.

On December 2, 2019, creditor Fortune Investment Enterprises ('Fortune Investments")[1] filed a motion (the "Motion") requesting relief from the automatic stay of the Bankruptcy Code, 11 U.S.C. § 362(a). A hearing on the Motion was held on January 8, 2020, at which the Court ruled that the Motion would be granted. An order granting the Motion (the "Order") was entered on February 4, 2020. On January 8, 2020, the Debtor filed an objection to the Court's oral ruling, notwithstanding that the order

---

[1] Fortune Investments purchased property previously owned by the Debtor that was foreclosed upon prior to the Debtor's filing this case. In the Motion, Fortune Investment seeks authority to exercise its rights to regain possession of the property at issue from the Debtor, who is still in possession of the property.

1

documenting the ruling had not yet been entered. On January 27, 2020, the Debtor filed a document entitled "Supplemental Motion to Reconsider."

The Court considers the January 8 objection and the Supplemental Motion to Reconsider to be motions to reconsider pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure and will address both together (jointly, the "Motions to Reconsider").[2] The Motions to Reconsider were timely filed, pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 9023. A hearing on the Motions to Reconsider was held on February 4, 2020. The Debtor and Fortune Investment, through counsel, appeared at the hearing.

The federal procedures applicable to motions for amendment of court orders, often referred to as motions for reconsideration, are found in Federal Rule of Bankruptcy Procedure 9023, Fed. R. Bankr. P. 9023, which incorporates Federal Rule of Civil Procedure 59, Fed. R. Civ. P. 59. "While the Rule itself provides no standard for when a . . . court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). The District Court for the Eastern District of Virginia has also stated that "a Rule 59(e) motion 'may

---

[2] Because the Motions to Reconsider were filed prior to the lodging of the Debtor's February 4, 2020, appeal of the Order, this Court retains jurisdiction to rule upon them.

2

not be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Irving v. United States,* No. 3:04CR804-1-JRS, 2005 WL 8149015, at *3 (E.D. Va. June 13, 2005) (quoting *Pacific Ins. Co. v. Am. Nat'l. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998). In the Eastern District of Virginia, this test has recently been interpreted as follows:

> Reconsideration may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issue presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983). This Court has noted that this situation rarely arises, therefore the motion "should be equally rare." *Id.* Finally, a party should not use a 59(e) motion simply "to ask the Court to rethink what the Court had already thought through." *Id .; see also Zdanok v. Glidden Co.,* 327 F.2d 944, 953 (2d Cir.1964) ("[W]here litigants have once battled for the Court's decision, they should neither be required, nor without good reason permitted, to battle for it again."); *Cureton v. Cianbro Corp.,* No. JFM–06–2303, 2007 WL 397025, at * 1 (D. Md. Jan 30, 2007) (finding that reconsideration is not permitted when parties are attempting to "raise arguments which could have been raised prior to the issuance of judgment," nor to "enable a party to complete presenting his case after the court has ruled against him." (quoting *In re Reese,* 91 F.3d 37, 39 (7th Cir.1996)).

*Puller v. Unisource Worldwide, Inc.*, No. 3:08-CV-813, 2009 WL 903303 (E.D. Va. Mar. 31, 2009).

In this case, there has been no change in either the law or the facts that were before the Court at the time the Motion to extend the stay was denied. When questioned at the hearing, the Debtor did not offer any facts

3

that had been unavailable to her at the time of the January 15, 2020, hearing, and the Court has been presented with no change in the law.

The only remaining ground upon which the Debtor could base her motion to vacate dismissal is "to prevent manifest injustice." The Eastern District of Virginia has found that "[r]econsideration is . . . appropriate when 'the prior decision was clearly erroneous and would work manifest injustice.'" *Hogge v. Stephens*, Civil Action No. 3:09CV582, 2011 WL 4352268, at *3 (E.D. Va. Sept. 16, 2011). However, the Court finds no clear prior error and has been shown no instance of manifest injustice. The Debtor focused primarily upon her contention that the foreclosure on her home was improper, an argument that may be addressed in Fortune Investment's possessory proceedings in state court.

Therefore, for the reasons set forth herein and for the reasons announced in open court,[3]

IT IS ORDERED that the Motions to Reconsider are DENIED.

Signed: February 12, 2020

                                      /s/ Keith L. Phillips
                             UNITED STATES BANKRUPTCY JUDGE

                             ENTERED ON DOCKET: February 13 2020

Copies:

Darlene Denise Davis
5910 Chadwick Court
Fredericksburg, VA 22407

---

[3] For the same reasons, the Court also finds that to the extent the provisions of Bankruptcy Rule 9024, Fed. R. Bankr. P. 9024, may be applicable, the Motions to Reconsider will not be granted thereupon.

Suzanne E. Wade
7202 Glen Forest Drive, Ste. 202
Richmond, VA 23226

Khalid Mahmood
Law Office of Khalid Mahmood PC
14631 Lee Highway
Suite 112
Centreville, VA 20121